IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FLANDERS DeWAYNE LOWE                                                                    PLAINTIFF

v.                                         Civil No. 1:23-CV-01013-BAB

SHERIFF TOMMY STURGEON, Ashley County, Arkansas;
JOHNNY GUY, Jail Administrator; TIFFANY STANLEY,
Asst. Jail Administrator; and GIA MONDRAGON, Former
Asst. Jail Administrator,                                                               DEFENDANTS.

## ORDER

On February 9, 2023, Plaintiff Flanders DeWayne Lowe, a prisoner, filed this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983. (ECF No. 1). In this case, the parties have consented to the jurisdiction of the magistrate judge. (ECF No. 18). This matter is currently before the Court on Plaintiff's failure to comply with the orders of the Court.

## BACKGROUND

This Court previously granted Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 3). In that Order, the Court also ordered Plaintiff to update the Court with his contact information within 30 days of any such change, failing which this case would be subject to dismissal. *Id*. This Order was not returned as undeliverable. The Court entered an initial scheduling order on April 17, 2023, requiring any motions for summary judgment on the merits to be filed by September 14, 2023. (ECF No. 17). On April 26, 2023, Plaintiff filed a motion asking to withdraw his earlier motion requesting leave to amend the complaint. (ECF No. 20). The Court granted that motion and vacated its previous order granting Plaintiff leave to amend the complaint. (ECF No. 21). After this Order was returned as undeliverable, Plaintiff filed a notice of change of address with the Court. (ECF Nos. 24-25). The Order was then re-sent to Plaintiff's updated

address. (ECF No. 25). It was not returned as undeliverable from this address.

On September 8, 2023, Defendants filed a Motion for Summary Judgment, along with a Memorandum and Statement of Facts in Support. (ECF Nos. 27-29). That same day, this Court ordered Plaintiff to file a response to Defendants' Motion for Summary Judgment by no later than September 29, 2023, failing which this matter would be subject to dismissal. (ECF No. 30). That order was not returned as undeliverable. When the deadline for filing a response elapsed with no communication from Plaintiff, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders. (ECF No. 31). The show cause response was due by October 27, 2023. *Id.* This Order was also not returned as undeliverable. The show cause order deadline has now also passed, and Plaintiff has not responded. In fact, Plaintiff has not communicated with this Court in any way since he filed his notice of change of address on May 31, 2023.

## LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

To order dismissal *with* prejudice under Rule 41(b), however, "is a drastic sanction which should be exercised sparingly." *Brown*, 806 F.2d at 803 (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). That said, "the district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id*. (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985) (internal quotations omitted)).

In considering a Rule 41(b) dismissal with prejudice, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; and, to a lesser extent, (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). Upon review of a dismissal with prejudice, the Eighth Circuit considers: "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Id*. (internal quotation omitted). However, "the district court need not have found that [plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id*.

## ANALYSIS

This matter has been pending for approximately nine months. Although Plaintiff initially prosecuted his case and engaged in motion practice at the outset, he has since failed to respond to

3

two court orders. *See* (ECF Nos. 30-31). These orders, moreover, were not returned as undeliverable. Furthermore, the record reflects that Plaintiff is well aware of the Court's order requiring him to update the Court with any change of address within 30 days of such a change because the Plaintiff previously complied with this Order by filing a notice of his change of address. (ECF No. 25). On this record, therefore, the Court finds that Plaintiff's failure to respond has been intentional.

The Defendants, for their part, have expended considerable resources and energy in preparing and submitting a Motion for Summary Judgment, along with a Memorandum and Statement of Indisputable Material Facts in support. (ECF No. 27-29). On balance, therefore, this Court finds that circumstances warrant a dismissal with prejudice. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this 1st day of November 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE